FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FUE XIONG,

    Petitioner - Appellant,

v.

MARGARET GREEN,

    Respondent - Appellee.

No. 24-5072
(D.C. No. 4:19-CV-00456-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.
_____

The main issue here involves the adequacy of the defendant's chance to develop the record in state court on an alleged conflict of interest.

**The need for an evidentiary hearing**

The appeal grew out of a state-court conviction for first-degree murder. Challenging this conviction, the defendant claims a conflict of

_____

[*]     Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

interest based on an alleged family relationship between his trial attorney and the victim. But the defendant allegedly didn't learn about the alleged relationship until after the trial.

The trial resulted in a conviction, and the defendant unsuccessfully sought habeas relief in federal district court. The court rejected the habeas claim based on procedural default. The court recognized that the defendant could overcome procedural default through a showing of cause and prejudice. But the court concluded that the defendant couldn't show *cause* because his wife and sister had admittedly known about the family relationship before the trial.

The defendant moved to reopen the habeas proceedings, claiming in part that the federal district court should have conducted an evidentiary hearing. The court rejected this claim, reasoning that the defendant had failed to develop the factual basis of the claim when he was in state court. The defendant appeals this ruling.

The government argues that the district court didn't need to provide an evidentiary hearing because the defendant hadn't asked for one. The government is incorrect because the defendant requested an evidentiary hearing in the habeas petition. R. vol. 1, at 212.

Despite this request, the federal district court wouldn't need to provide an evidentiary hearing if the defendant failed to develop the claim in state court. *See* 28 U.S.C. § 2254(e)(2). But the court didn't say how the

2

defendant would have been responsible for the failure to develop his claim. His wife and sister allegedly learned of the family relationship, but there's nothing to suggest that they told the defendant until after his post-conviction proceedings had ended. As a result, we are left without any meaningful evidence that the defendant had known about the family relationship prior to his conviction. We thus remand for the district court to reconsider the need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.

### Other issues

The defendant has also asked for a certificate of appealability on two claims of ineffective assistance of counsel. The district court denied a certificate, reasoning that the defendant would need to present these claims through a second habeas petition rather than include them in a motion to reopen. On appeal, the defendant concedes that these claims "can be construed as a second or successive habeas petition." Appellant's Combined Opening Br. & App. for Certificate of Appealability at 4. Given this concession, we decline to grant a certificate of appealability on these claims.

Entered for the Court

Robert E. Bacharach
Circuit Judge

3